UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NUMBER: _____

STEPHEN JOHNSON,

    Plaintiff,

vs.

SUNNILAND CORPORATION,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, STEPHEN JOHNSON, by and through his undersigned counsel, and sues the Defendant, SUNNILAND CORPORATION, and alleges as follows:

### INTRODUCTION

1. This is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff by the Family and Medical Leave Act, 29 U.S.C. 2601-2654 ("FMLA").

### JURISDICTION AND VENUE

2. The Court has jurisdiction over their controversy based upon the FMLA, and venue is proper as all acts described herein occurred within this judicial district.

### PARTIES

3. At all times material hereto, the Plaintiff was/is a citizen of the United States, sui juris, and an employee of the Defendant.

4. At all times material hereto, the Plaintiff was an employee and member of a protected class within the meaning of the FMLA.

5. At all times material hereto, Defendant was a Florida Corporation doing business and services in this judicial district, was the employer or former employer of the Plaintiff, and is an employer as defined by the FMLA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. The Plaintiff has exhausted and fulfilled all conditions precedent to the institution of this action.

## STATEMENT OF FACTS

7. The Plaintiff was an employee for the Defendant since February 1, 2019.

8. Plaintiff and his wife contracted COVID-19 at the end of June 2020.

9. After Plaintiff exhausted his two-weeks paid time off under the Families First Coronavirus Response Act ("FFCRA"), Plaintiff was still testing positive.

10. Defendant then provided Plaintiff with unpaid FMLA leave, which Plaintiff had completed on or about July 17, 2020.

11. However, the Defendant intentionally, or negligently, failed to advise Plaintiff's supervisors that he was on approved FMLA leave, because his supervisor, Billy, advised Plaintiff in a message that he was fired.

12. When Plaintiff heard the message and called Billy back on or about August 10, 2020, Plaintiff was told that he failed to call in to the job, failed to stay in touch, and was therefore terminated.

13. Clearly, Plaintiff had no reason to call the job on or before August 10, 2020, because he had only been on unpaid FMLA leave for three weeks, since July 17, 2020.

14. Terminating Plaintiff during his FMLA leave was an interference with his FMLA rights.

## COUNT I

## FMLA INTERFERENCE

15. The Plaintiff incorporates by reference paragraphs 1-14 herein.

16. At all times material to this lawsuit, the Plaintiff was entitled to leave under the FMLA.

17. The Defendant unlawfully interfered with the Plaintiff's exercise of his FMLA rights by failing to reinstate his position, or equivalent thereto, upon the expiration of his FMLA leave.

18. As a direct and proximate result of the Defendant's unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA.

19. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA.

WHEREFORE, the Plaintiff, STEPHEN JOHNSON, requests that judgment be entered against the Defendant, SUNNILAND CORPORATION, for all damages recoverable under the FMLA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial.

Dated: October 9, 2020. Respectfully submitted,

                                              Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920

4